IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BILLY BUDD SULLIVAN,<br><br>        Plaintiff,<br><br>  vs.<br><br>TOWN OF DERRY, PUBLIC WORKS DEPT.,<br><br>        Defendant. | CV 14-33-M-DWM-JCL<br><br>ORDER, and FINDINGS AND RECOMMENDATION |

Plaintiff Billy Budd Sullivan, proceeding pro se, submitted a document to this Court which he titled as an "APPEAL." In the body of the document Sullivan states he desires to appeal his "case [...] that is in the New Hampshire Supreme Court[.]" (Doc. 1 at 1.)

When Sullivan first submitted his pleading he did not pay the applicable filing fee. Therefore, by Order entered February 7, 2014, the Court informed Sullivan that before he could proceed with this action he had to either pay the required filing fee of $400, or submit a motion to proceed in forma pauperis together with the required affidavit under authority of 28 U.S.C. § 1915(a)(1).

On February 18, 2014, Sullivan filed a motion requesting leave to proceed

1

in forma pauperis.  Upon review of Sullivan's declaration attached to his motion the Court finds Sullivan has made the showing required by 28 U.S.C. § 1915(a) rendering him eligible to proceed in forma pauperis.  Because it appears he lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that Sullivan's Motion to Proceed In Forma Pauperis is **GRANTED**.  This action may proceed without prepayment of the filing fee.

The Court has authority to screen pleadings filed by litigants who are proceeding in forma pauperis, and to dismiss an action if the Court finds that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition to the grounds for dismissal set forth in 28 U.S.C. § 1915(e)(2) above, the Court must consider whether it possesses jurisdiction over the particular matter presented to the Court.

> Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]... It is to be presumed that a cause lies outside this limited jurisdiction,... and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]

*Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted). A pleading must set forth sufficient allegations to invoke the jurisdiction of this Court (Fed. R. Civ. P. 8(a)(1))[1], and a plaintiff bears the burden to establish jurisdiction. *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990).

Also, the federal courts are obligated to independently examine their own jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). Absent jurisdiction, a case is subject to dismissal. Fed. R. Civ. P. 12(h)(3); *Fiedler v. Clark*, 714 F.2d 77, 78-9 (9th Cir. 1983).

For the reasons stated, the Court concludes this action is barred by the *Rooker-Feldman* doctrine. This doctrine, which derives its name from two United States Supreme Court Cases – *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) – "stands for the relatively straightforward principle that federal district courts do not have jurisdiction to hear de facto appeals from state court judgments." *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010). Restated, "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state

---

[1] Pro se litigants are "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court." *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). When a case is a forbidden "de facto appeal" the district court also lacks jurisdiction over all issues which are "inextricably intertwined" with an issue resolved by the predicate decision of the state court. *Id*., 341 F.3d at 1158.

Here, Sullivan's pleading clearly seeks to appeal his case that was filed with the New Hampshire Supreme Court. Sullivan requests that the referenced "case [be] appealed and brought here[]" for review by this Court. (Doc. 1 at 1.) Thus, because Sullivan's pleading seeks relief from the New Hampshire Supreme Court's proceedings, Sullivan's pleading is the type of "de facto appeal" barred by *Rooker-Feldman*.[2]

Ordinarily, "[d]ismissal of a pro se complaint without leave to amend is

---

[2] Alternatively, to the extent Sullivan's pleading can be read to suggest his case in the New Hampshire Supreme Court is not final and is still ongoing, this Court would likewise be barred from interfering with that state proceeding. There exists a strong policy against federal intervention in pending state judicial proceedings in the absence of extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). *See also Gilbertson v. Albright*, 381 F.3d 965, 973 (9th Cir. 2004) (quoting *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982)). The *Younger* doctrine, in general, directs federal courts to abstain from granting relief that would interfere with pending state or local proceedings. *Gilbertson*, at 381 F.3d at 968.

4

proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)); *Kendall v. VISA U.S.A., Inc.*, 518 F.3d 1042, 1051-52 (9th Cir. 2008). Here, however, based on the *Rooker-Feldman* doctrine, any amendment by Sullivan would be futile and, therefore, it is unnecessary to give Sullivan an opportunity to amend his complaint. *See Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008).

Based on the foregoing, IT IS HEREBY RECOMMENDED that this action be DISMISSED for lack of jurisdiction.

DATED this 11th day of March, 2014.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge